## Robson & Co.'s Appeal.

Robson furnished to tenants, in Venango county, materials, machinery, &c., for improvements put up by them, on their leasehold. *Held*, that he was entitled to lien as material-man under the Acts of February 17th 1858 and April 11th 1866 (Mechanics' Lien).

October 18th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Venango county*, in the distribution of the proceeds of sheriff's sale of the property of Lynch & Brown.: No. 108, to October and November Term 1869.

Lynch & Brown were tenants of lot No. 30 of the Curtin Oil Company, situate in Cherry Run township, Venango county, by a written lease from that company, on which Lynch & Brown had erected an engine-house and derrick. Between the 27th of November and the 16th of December 1867, C. Robson & Co., the appellants, furnished to Lynch & Brown various articles and materials for the engine, derrick, &c., amongst which were a cable $164.25, pins and boxes for drilling-tools $80, belting $33.75, tubing $341.71, sucker-rods $105.82, &c., the whole amount furnished being $759.04. On the 21st of March 1868, R. Lamberton recovered against Lynch & Brown a judgment for $1680. On the 23d of March, Lamberton issued an execution on his judgment. To this execution the sheriff returned that on the 26th of March he had levied on a lot of personal property (as per schedule annexed), and had in his hands as the proceeds of sale, after deducting costs, $608.97. Amongst the articles sold were a portable steam-engine and fixtures sold for $468; tubing and sucker-rods $105; lease $29ʳ; "carpenter's rig" and irons $21.50, &c., in all $632.

On the 17th of April 1868 Robson & Co. filed a claim against Lynch & Brown for the articles sold by them as above stated, setting out that the defendants were tenants of a leased estate of lot No. 30 of the Curtin Oil Company, situate, &c.; that they had erected on the lot certain improvements, an engine, machinery and fixtures, &c., and averring that they were entitled to a lien under the Acts of Assembly, upon the interest of Lynch & Brown in lot No. 30, and upon the improvements, engine, &c., for the materials furnished by them. They then set forth the names of the respective parties, their own bill of materials in detail, and conclude :—

"3. The locality of said improvements, engine-pump, machinery, fixtures, engine-house and derrick is on said lot No. 30 (thirty) above mentioned, and they are the same usual and necessary on leases of oil territory, and the machinery and fixtures requisite in boring and operating oil-wells."

On the 3d of June 1868 they issued a scire facias on their lien, on which they obtained judgment July 28th 1868, and on the 29th the prothonotary liquidated the damages at $781.81. The money made under Lamberton's execution was paid into court August 6th 1868, and George R. Snowden, Esq., was appointed auditor to make distribution. Amongst the claimants on the fund before the auditor were Lamberton claiming under his execution, and Robson & Co. claiming under their lien for materials, under the Act of February 17th 1858, Pamph. L. 29, relative to mechanics' liens in Schuylkill and Luzerne counties, extended by the Act of April 11th 1866, Pamph. L. 649, to Venango and other counties; and the Act of April 8th 1867, relating to mechanics' liens in Venango county, Pamph. L. 752.

The auditor reported that the claim of Robson & Co. was not covered by the Act of 1866, and after deducting the expenses of audit awarded the whole found in court, $555.84, to Lamberton. Exceptions to the report were filed by Robson & Co.

The court confirmed the report. Robson & Co. appealed to the Supreme Court, and assigned the decree of confirmation for error.

*W. McNair*, for appellants, referred to the Acts of 1858 and 1866; Esterley's Appeal, 4 P. F. Smith 192; Thomas *v.* Smith, 6 Wright 73; Street *v.* Commonwealth, 6 W. & S. 212.

There was no paper-book for appellee.

The opinion of the court was delivered, November 1st 1869, by READ, J.—By the first section of the Act of 11th April 1866, it is enacted "that the several provisions of 'An act entitled An act relating to mechanics' liens, in the counties of Luzerne and Schuylkill,' approved the 17th day of February 1858, be and they are hereby extended to the counties of Erie, Crawford, Warren and Venango. *Provided further*, that the provisions of said act shall be extended to and apply in like manner to parties furnishing propping timber, for mining purposes, who shall have remedy by lien on the personal property on the premises."

The Act of 1858 provided that, "the several provisions of an act entitled 'An act relating to the liens of mechanics and others upon buildings,' approved the 16th day of June 1836, and the several supplements thereto, are hereby extended to all improvements, engines, pumps, machinery, screens and fixtures, erected or put up by tenants of leased estates, on land of others, in the counties of Luzerne and Schuylkill, and to all mechanics, machinists and material-men, doing work or furnishing the articles or the materials therefor: *Provided*, that the lien hereby created shall extend only to the interest of the tenant or tenants, lessee

[Robson's Appeal.]

or lessees therein, and to the improvements, engines, pumps, machinery, screens and fixtures erected, repaired or put (up) by the mechanics, machinists, persons or material-men entering liens thereon."

The various supplements to the Act of 1836, which are to be found in Bright. Dig. 710, are extended by the Act of 1866 to the county of Venango, and are to be considered in the application of the Act of 1858 as applied to mining for oil. Robson & Co. furnished materials to Lynch & Brown for use on the leasehold premises, and filed their claim as material-men to a lien upon the interest of Lynch & Brown, the lessees, in lot No. 30, and upon the improvements, engine, pump, machinery and fixtures thereon.

In filing their claim for materials and work, Robson & Co. say: "Third. The locality of said improvements, engine, pump, machinery, fixtures, engine-house and derrick is on said lot No. 30 (thirty), above mentioned, and they are the same usual and necessary on leases of oil territory, and the machinery and fixtures requisite in boring and operating oil-wells."

The balance of the sheriff's sale remaining in court, according to the auditor's report, was $555.84, and the question is, shall it go to the plaintiff in the execution, or to the material-men? Their bill is $759.04, and from an examination of it, nearly the whole of it must have gone into the machinery, fixtures, engine-house and derrick of the oil-well, and if so they have a lien on the premises—a cart-load of bricks furnished to a building gives a lien, and yet each brick is separate, and to be separately put in place. In the sale the portable engine and fixtures brought $468, and is by name covered by the lien; so one string of tubing and sucker-rods, clearly a part of the machinery, brought $105, the two sums overbalancing the sum in court, and covered by Robson & Co.'s lien.

Upon a fair construction of the law, it is therefore clear that the balance in court belongs to the appellants, and not to the plaintiff in the execution, who had no lien under the Act of 1866.

The decree is reversed, and it is ordered, decreed and adjudged that the balance in court, amounting to $555.84, be paid to the appellants, Charles Robson & Co. Appellee to pay the costs of this appeal.